WYMAN NELSON ENTERPRISES, INC.,
the Pancake House, Inc., and PPHI,
Inc., Plaintiffs,

v.

STEAK n SHAKE, INC., Defendant.

No. 4–70–Civ. 414.

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 26, 1971.

Orrin M. Haugen, Minneapolis, Minn., for plaintiffs.

George R. Roedler, Jr., Bruce W. Sanborn, Sanborn, Rice, Holcomb & Grayson, St. Paul, Minn., for defendant.

MEMORANDUM DECISION

LARSON, District Judge.

Plaintiff Wyman Nelson Enterprises, Inc. (Wyman Nelson), a franchisee of plaintiff PPHI, Inc., an Ohio corporation, is the owner and operator of a number of restaurant facilities in Minnesota. These restaurants utilize a trade designation "Cake & Steak" which is part of the franchise arrangement. Defendant, a Delaware corporation apparently headquartered in Illinois, claimed that this designation infringed upon the trade designation "Steak n Shake" which was utilized by them in their operations.

PPHI, Inc., and Steak n Shake, Inc., negotiated a settlement of the matter. The settlement provided that PPHI, Inc., franchisees would change the "Cake & Steak" designation to Perkins Pancakes & Steaks. Wyman Nelson, the Minnesota franchisee, indicated to PPHI that it desired to continue using the old designation. PPHI informed Steak n Shake of this development. On July 6, 1970, Steak n Shake responded with a letter in which it indicated that an exception for the Minnesota franchisee was not agreeable. The letter went on to point out that in 1955 a Minneapolis, Minnesota, restaurant had agreed to stop using the designation Steaks n Shakes, allegedly in view of the prior rights of Steak n

Shake. The letter further indicated that Steak n Shake had an interest in protecting its trademark in Minnesota as it considered Minnesota within its business expansion territory.

Steak n Shake currently does no business in Minnesota. Its only contact with Minnesota has apparently been the 1955 matter some fifteen years before this action arose. The letter referred to above was an exchange between counsel for Steak n Shake and PPHI, Inc., located in Chicago, Illinois, and Cleveland, Ohio, respectively. There has been no indication that defendant in this matter ever directly represented to plaintiff Wyman Nelson that it was infringing upon defendant's trade designation. Neither has there been an allegation that defendant has in any way directly interfered with Wyman Nelson's operations.

Plaintiffs have brought this action seeking a declaratory judgment. Defendant has moved to dismiss for lack of personal jurisdiction over the defendant or, in the alternative, to transfer the case to the United States District Court for the Southern District of Illinois. If this Court cannot obtain personal jurisdiction over the defendant, there obviously will be no venue problem to cope with. The jurisdictional issue will therefore be dealt with first.

Plaintiffs base jurisdiction on the Minnesota long arm statute M.S.A. 543.19(1). It provides, insofar as relevant:

"[Courts of Minnesota] may exercise personal jurisdiction over any foreign corporation * * * in the same manner as if it were a domestic corporation. * * * This section applies if, in person or through an agent, the foreign corporation * * *:

(a) Owns, uses, or possesses any * * * personal property situated in this state, or

(b) Transacts any business within the state * * *."

It goes on to limit jurisdiction based on the section to "causes of action arising from acts enumerated in subdivision 1 * * *." (Subd. 3).

Plaintiffs' argument is that the assertion by Steak n Shake in 1955 and again in 1970 of a trademark right in Minnesota constitutes possession of personal property situated in Minnesota. Thus it is subject to the jurisdiction of this Court by operation of the long arm statute reproduced above. This Court agrees that the assertion of a trademark right in the State of Minnesota and steps taken to enforce it by court action or other means could be argued to constitute property or the transaction of business so as to bring defendant within the long arm statute. There is some question as to whether a trade designation can properly be categorized as a property right. *See generally*, Pattishall, "Trademarks and the Monopoly Phobia," 50 Mich.L.Rev. 967, 985–86. However, it seems elementary that when a party enters Minnesota and contests or interferes with a trade designation used by a Minnesota businessman on the grounds that it infringes upon some prior or co-existent rights, the out-of-State party runs the risk of subjecting himself to suit in both Federal and State courts in Minnesota. It does not violate any notions of fair play when the right asserted is one such as a trade designation. The disposition of the dispute will rest in large part on the likelihood of confusion to the public, which issue is peculiarly local in nature.

There has, however, been no showing in this case that any assertions of infringement have been made by defendant in Minnesota since the 1955 incident. This Court reflects substantial doubt that a single incident fifteen years ago, coupled with an allusion to a property right in Minnesota made by defendant in a letter mailed from its headquarters in Illinois to plaintiff Wyman Nelson's franchisor's headquarters in Ohio constitutes sufficient contacts with Minnesota to submit defendant to the jurisdiction of this Court.

There has been nothing presented to this Court by way of evidence or affi-

davit which would indicate that defendant has in any way asserted to Wyman Nelson that its Minnesota operation is infringing on defendant's trade designation. Thus there has been, insofar as this Court can determine, no evidence presented which indicates the existence of a controversy arising out of any property right of Steak n Shake in Minnesota.

Plaintiffs have however alleged in paragraphs 6 and 7 of the complaint that defendant has asserted infringement against Wyman Nelson and threatened to institute a lawsuit on the matter. It is not clear from the complaint whether the defendant's actions are alleged to have been made directly against Wyman Nelson. It may be that they were only made indirectly through the demands on PPHI, Inc.

In light of the Court's ignorance concerning the facts surrounding this matter and the surprising reluctance on the part of either counsel to submit additional memoranda or affidavits, it is loathe to submit the defendant to its jurisdiction. On the other hand, if Steak n Shake has indeed made direct demands upon Wyman Nelson Enterprises, Inc., or has otherwise taken action in the State of Minnesota that interferes with plaintiff Wyman Nelson Enterprises, Inc.'s plans for expansion, it would appear that defendant could be compelled to defend those actions in this Court. This Court, in light of the circumstances outlined above, feels the most appropriate course of action is to grant the defendant's motion to dismiss without prejudice to the plaintiffs. This will permit plaintiffs to renew the action if the factual circumstances surrounding defendant's alleged action warrant it. If they do not, it appears that plaintiff will be compelled to pursue this matter in an Illinois court.

It is ordered:

That defendant's motion to dismiss the cause of action for lack of personal jurisdiction over the defendant be, and it is hereby, granted without prejudice to the plaintiffs.